[No. 9077.   Department Two.   October 20, 1910.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN W. PUTNAM, *Appellant*.[1]

INTOXICATING LIQUORS—LICENSES — DRUGGISTS — STATUTES — CON-STRUCTION.  The act of 1907 (Rem. & Bal. Code, § 6269 *et seq*.), pro-hibiting the sale of intoxicating liquors by any person without first obtaining a state license in addition to county or municipal licenses, being primarily a revenue measure, is not *in pari materia* and to be construed in connection with the general act of 1888 (Rem. & Bal. Code, § 6275 etc.), for the regulation of the liquor traffic, which exempted from its operation druggists dispensing liquors on the written prescription of a reputable physician; hence the pro-visions of both acts may be enforced, and druggists must procure a state license under the revenue act, although not required to do so under the regulative act.

Appeal from a judgment of the superior court for King county, Yakey, J., entered June 16, 1910, upon a trial and conviction of selling intoxicating liquors without a license. Affirmed.

*Blaine, Tucker & Hyland* and *Wm. C. Keith*, for appellant.

*Geo. F. Vanderveer*, for respondent.

DUNBAR, J.—This is an appeal from a judgment of convistion in the superior court of King county, for violating the provisions of chapter 194 of the Laws of 1907, page 419 (Rem. & Bal. Code, § 6269 *et seq*.).   The appellant contends that there is no warrant in law for prosecuting him under the provisions of that chapter, for the reason that he is a druggist and is therefore exempt from its provisions, the con-tention being that the act of 1907 must be construed with reference to the provisions of Rem. & Bal. Code, § 6275, and that the provisions of Rem. & Bal. Code have not been re-pealed, directly or by implication, by the act of 1907.   Sec-tion 6275, which is an enactment of the Laws of 1888, being

[1]Reported in 111 Pac. 239.

an act to regulate, restrain, license, or prohibit the sale of intoxicating liquor, is as follows:

"Nothing in this act shall be construed to apply to any pharmacist or druggist so as to prohibit him from or punish him for the dispensing of any spirituous, fermented, malt, or other intoxicating liquors in good faith, upon the written prescription of any reputable physician:" etc.

Section 1 of chapter 194 of the Laws of 1907, page 419, the title of which is: "An act relating to the sale of intoxicating liquors, fixing a state license fee, and providing a punishment for the violation thereof;" is as follows:

"Every person, firm, or corporation selling any spirituous, fermented, malt or other intoxicating liquor, at any place within this state or upon any steamboat, steamship or other vessel plying upon the waters of the state, or between places within the state or upon any dining-car, buffet-car or other public conveyance in this state, shall pay for the privilege of so doing an annual state license fee of twenty-five ($25) dollars in addition to the license fee fixed by any city, town, or county, where such liquor is sold, which sum shall be in addition to the amount now required to be paid to the state on account of any license for such purpose." Rem. & Bal. Code, § 6269.

The contention of the appellant is that these statutes are *in pari materia;* that the subsequent statute must be construed by reference to the provisions of the prior statute, and as so construed that the licensing act of 1907 is not intended to, and does not, prohibit druggists from selling liquors under the exceptions and exemptions stated in § 6275 of Rem. & Bal. Code; that the legislature did not intend, by passing the law of 1907, to in any way abrogate the law of 1888 and the amendments thereto; announcing the doctrines, that repeals of statutes by implication are not favored by law; that a later statute will never be held to operate as a repeal of an earlier statute, unless the two are so inconsistent or repugnant that they cannot be reconciled; that it is the duty of the courts to so construe them as to avoid such repeal by implication in all cases if such construction can be reasonably adopted; and

that all statutes relating to the same subject should be construed *in pari materia* so as to give them all their appropriate effect and operation, and many cases are cited to sustain this contention.

Conceding the correctness of the abstract propositions of law contended for by the appellant, they are not applicable to, or controlling in, this case; for, in the first place, there is room for grave doubt whether the different enactments in question are *in pari materia*. The law of 1888, so far as druggists are concerned, seems to be a regulation statute. They are simply permitted, under certain requirements and regulations, to sell liquor, no license whatever being required; and the subject of regulation is not made applicable to and does not apply to them. But the act of 1907 is, and purports by its title to be, a revenue law solely. Its object is to raise revenue for the state. There is no suggestion of regulation. It is true, there is a penalty provided; but that is evidently only in aid of the collection of the license fee prescribed. So that it is apparent that the statutes are entirely different and cover different subjects.

But, in any event, the principles of construction contended for by appellant are applicable only where there is doubt or ambiguity, and the act of 1907 is so plain and definite that there is no occasion to resort to any former act to interpret or construe it. It is said by Sutherland in his work on Statutory Construction (2d. ed.), § 450:

"It has been held in a number of cases that if a revision or code is plain and unambiguous it must be construed by itself and without resort to the original or prior acts which have been brought into it:"citing *Hamilton v. Rathbone*, 175 U. S. 414, where the court said:

"The general rule is perfectly well settled that, where a statute is of doubtful meaning and susceptible upon its face of two constructions, the court may look into prior and contemporaneous acts, the reasons which induced the act in question, the mischiefs intended to be remedied, the extraneous circumstances, and the purpose intended to be ac-

complished by it, to determine its proper construction. But where the act is clear upon its face, and when standing alone it is fairly susceptible of but one construction, that construction must be given to it. . . . Indeed, the cases are so numerous in this court to the effect that the province of construction lies wholly within the domain of ambiguity, that an extended review of them is · quite unnecessary. The whole doctrine applicable to the subject may be summed up in a single observation that prior acts may be resorted to, to *solve*, but not to *create* an ambiguity."

When we reflect that the only purpose intended to be accomplished by the act of 1907 was the raising of revenue, and that the act in that respect was clear upon its face, and when standing alone is fairly susceptible of but that one construction, we must concede that this case falls plainly and clearly within the rule announced in the case just quoted. As the two acts do not cover the same field of litigation and there is no repugnance between them, the provisions of both acts are enforcible.

The judgment will be sustained.

RUDKIN, C. J., CHADWICK, MORRIS, and CROW, JJ., concur.